| | | |
|---|---|---|
| THE ESTATE OF KATHERINE SARAH MORRIS ET AL | * | IN THE CIRCUIT COURT |
| | * | FOR ST. MARY'S COUNTY |
| v. | * | |
| ISAAC JEROME GOODWIN ET AL | * | Case No.: C-13-911 |
| Defendant | * | |

FILED SEP -4 2013 CIRCUIT COURT FOR ST. MARY'S CO., MD.

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND STATEMENT OF GROUNDS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROSA BROWN'S MOTION TO DISMISS

I. Introduction

The parents of Katherine Morris, who tragically committed suicide, bring this case, a wrongful death action against three defendants. They allege the defendants were negligent and caused the decedent to commit suicide. However the court does not have personal jurisdiction against Defendant Rosa Brown and plaintiffs allege no facts to support a cause of action of negligence.

As shown herein, plaintiffs have failed to establish personal jurisdiction and have failed to state a claim which relief can be granted and plaintiff's complaint against Defendant Rosa Brown must be dismissed.

II. Standard for Dismissal for Lack of Personal Jurisdiction

A court's exercise of personal jurisdiction over a nonresident defendant satisfies due process requirements if the defendant has "minimum contacts" with the state, and if "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310 (1945). Whether a court may exert personal jurisdiction over a foreign defendant entails two considerations. First is

Entered in UCS

whether the exercise of jurisdiction is authorized under Maryland's long arm statute, Md. Code (1973, 2002 Repl. Vol.) § 6-103. Second is to determine whether the exercise of jurisdiction comports with due process requirements of the Fourteenth Amendment. Beyond Sys. V. Realtime Gaming Holding Co., LLC, 388 Md. 1, 15. Code §6-103 (b) (4) states that a court may exercise personal jurisdiction over a person, who directly or by an agent causes tortious injury in the State or outside of the state by an act or omission outside the State if *he regularly does or solicits business, or engages in any other persistent course of conduct in the state.*

    a. Factual Allegations

Defendant Brown is a resident of Virginia. All alleged actions on part of Ms. Brown occurred in Virginia. Ms. Brown was served the complaint while stationed in the army in Virginia. According to the complaint, electronic records show Ms. Brown, along with Defendant King, initiated an email to the Plaintiff from their office in Virginia. Records also show there were 3 phone calls placed to the plaintiff. (C. ¶ 71), in which Defendant King used Ms. Brown's cell phone (C ¶ 97).

    b. Plaintiffs Fail to Establish a Prima Facie Case for Personal Jurisdiction

A court may only exercise personal jurisdiction over a non-resident if the person engages in a persistent course of conduct in the state ("minimum contacts"). The court must find that Ms. Brown engaged in a persistent course of contact in Maryland in order to exercise personal jurisdiction.

In Bond v. Messerman, 391 Md. 706 (2006), a client sued his attorney for malpractice. The client argued there was personal jurisdiction over the attorney because the attorney directly transacted business in Maryland by providing negligent legal advice by use of telephone

communications and correspondence mailed to a Maryland resident. He also argued that the attorney caused tortious injury to him in Maryland by failing to expunge his records and rendered incorrect legal advice and negligent misrepresentations to him by the same telephone calls and letters, causing harm to a Maryland resident. Id. at 719.

The court held that in determining whether it had personal jurisdiction, the court had to focus on the attorney's contacts with the forum state, rather than on the effect of the injury. The attorney's only contacts with Maryland were to make a few telephone calls to the client, and sending the client two letters. Those contacts did not rise to the level of purposeful availment of the privilege of conducting activities within the state, so there was no personal jurisdiction. Id. at 730. The court noted that generally, telephone calls and correspondence with the plaintiff in the forum state are not sufficient contact with the forum state to satisfy due process requirements. Id. at 723.

The plaintiffs fail to establish that Ms. Brown had minimum contacts with the state of Maryland in order to exercise personal jurisdiction. While the plaintiffs allege Ms. Brown initiated an email and her phone was used to call the decedent, as shown in the above case above these telephone calls and correspondence do not rise to purposeful availment and minimum contacts with the state of Maryland in order to exercise personal jurisdiction.

Plaintiffs have failed to establish a prima facie case for personal jurisdiction over Ms. Brown and the complaint must be dismissed.

III. Standard for Dismissal for Failing to State a claim

A complaint must contain statements of fact necessary to show the pleader's entitlement to relief. Md. Rule 2-303b; Walser v. Resthaven Mem. Gardens, Inc., 98 Md. App. 371 (2006). Bald allegations, alone, are insufficient to maintain a claim. Doe v. Archdiocese, 114 Md. App.

169, 187 (1997). A pleading must allege facts, if proven true, sufficient to support each and every element of the asserted claim. Horridge v. St. Mary's County Dep't of Soc. Servs., 382 Md. 170 (2004).

In order to state a claim for negligence, a complaint must allege, with certainty and definiteness, facts and circumstances sufficient to set forth (a) a duty owed by the defendant to the plaintiff, (b) a breach of that duty and (c) injury proximately resulting from that breach. Read Drug & Chemical Co. v. Colwill Constr. Co., 250 Md. 406.

    a. Factual Allegations

Plaintiffs allege Defendants were "negligent and malicious in their actions" and "contributed to the death of Katherine Sarah Morris." (C. ¶ 8). Plaintiffs allege the defendants did not "exercise a duty of care that would have been reasonably expected of persons toward others and the public with watchfulness, attention, caution and prudence that reasonable persons in that same circumstance would have." (C. ¶ 14). Plaintiffs allege Defendants were negligent under the "last clear chance" doctrine and they deliberately conspired to push Katherine Morris to suicide. (C. ¶ 19).

The only evidence that plaintiffs cite in regards to the actions of Ms. Brown state that an e-mail was sent to the decedent, along with three phone calls, (C. ¶ 71) and Defendant King used Ms. Brown's cell phone (C. ¶ 97). The context of the phone calls is not stated, and the only content of one email that is stated says the decedent was called an "Email gangster." (C. ¶ 73). However, the complaint states the emails are from Defendant King. (C. ¶ 74).

    b. Plaintiffs Fail to State a Claim as a Matter of Law

        i. Failure to comply with Md. Rule 2-305 as the complaint does not sufficiently allege negligence

Maryland Rule 2-305 requires that a claim for relief "shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought." Plaintiffs fail to allege a duty between Ms. Brown and the decedent as well as a causal connection between the alleged negligence and the injuries sustained and that such negligence was the proximate cause of the injury sustained.

Whether a legal duty exists between parties is a question of law to be decided by the court. Pace v. State, 425 Md. 145, 154 (2012). Duty is an "obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." Barclay v. Briscoe, 427 Md. 270 quoting Prosser and Keeton on the Law of Torts section 53 at 356 (5th ed. 1984). The fact that a result may be foreseeable does not itself impose a duty in negligence terms. Remsburg v. Montgomery, 376 Md. 568, 583 (2003). . A tort duty does not always coexist with a moral duty. Id. Duty not only depends on foreseeability, but it also depends on the relationship of the parties. Jacques v. First Nat'l Bank, 307 Md. 527, 534. Courts must give effect to the social policy of limitation of liability for remote consequences by narrowing the concept of duty to embrace only those persons to whom harm of some type might reasonably have been foreseen as a result of the particular tortuous conduct. However, the fact that a result may be foreseeable does not itself impose a duty in negligence terms. Asburn v. Anne Arundel County, 306 Md. 617, 628 (1986).

In this case, Plaintiffs do not allege any relationship between Ms. Brown and the decedent that would give rise to a duty. Plaintiff's only allegation as to Ms. Brown is that "none of the defendants exercised a duty of care that would have been reasonably expected of persons toward others and the public with watchfulness, attention, caution and prudence that reasonable persons in that same circumstances would have." (C. ¶ 14). The only allegations in the complaint

state that there was an email sent by Ms. Brown and Defendant King, and that Ms. Brown's phone was used to call the decedent. Absent a duty owed to the plaintiff, as established by the plaintiff, there can be no liability in negligence and the defendant is entitled to judgment as a matter of law. Remsburg v. Montgomery, 376 Md. 568, 581 (2003).

Even if Ms. Brown is alleged to have had a duty to the decedent, the Plaintiffs have not sufficiently alleged that any breach of such duty caused the harm suffered. Proximate cause involves a determination of causation in fact, which is "concerned with the …fundamental…inquiry of whether a defendant's conduct *actually* produced an injury." Peterson v. Underwood, 258 Md. 9, 16-17 (1970). Plaintiffs have shown no evidence that Ms. Brown's actions caused injury to the decedent. The only allegations with regards to Ms. Brown states that she was there when an email was initiated and that Defendant King used Ms. Brown's cell phone. The plaintiffs offer no connection between these events and the injury.

Plaintiffs have failed to establish a prima facie case for negligence and the complaint must be dismissed.

IV.   Conclusion

Wherefore, for all of the foregoing reasons, the Defendant Rosa Brown respectfully request that this honorable Court DISMISS the claim brought against them by Plaintiffs in this case.

Respectfully submitted,

*[signature]*

C. Evan Rollins
Attorneys for Defendant
131 E. Main Street
Elkton, MD 21921
410-398-1870
410-392-5373 (fax)
Evanrollins68@gmail.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2013, a copy of the aforegoing document was sent via first class mail, postage pre-paid, to Willie J Morris, 799 White Sands Road, Lusby, Maryland 20657, Plaintiff, pro se; Marguerite Morris, 23665 Halford Lane, Hollywood, Maryland 20636, Plaintiff, pro se; Isaac Goodwin, 203 Lower Glen Circle, Blythewood, South Carolina 29016, Defendant, pro se; Latoya King, CMD 533D Suopport BN (BSB CSB), Fort Totten, New York 11359, Defendant, pro se; and M.A. Brown, Esq. and J.A. Singer, Esq., Miles & Stockbridge, 100 Light Street, Baltimore, Maryland 21202, attorney for Defendant, Silver Goodwin.

*[signature]*

C. Evan Rollins